IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TIMOTHY WALTER MCCARRON, | Case No. 12-09361 |
| Debtor. | Hon. Janet S. Baer |

## NOTICE OF MOTION

To:    See Attached Service List

PLEASE TAKE NOTICE that on **Monday, September 24, 2012, at 9:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Janet S. Baer, Bankruptcy Judge, or such other judge as may be sitting in her place and stead, in Courtroom 615, 219 South Dearborn Street, Chicago, Illinois and shall then and there present the attached **MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE**, at which time and place you may appear as you see fit.

Respectfully submitted,

TIMOTHY WALTER MCCARRON,

By:    /s/ Miriam R. Stein
           One of his attorneys

Miriam R. Stein (ARDC #06238163)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Telephone: 312.876.7100
Facsimile: 312.876.0288

## CERTIFICATE OF SERVICE

I, Miriam R. Stein, an attorney, certify that I caused a copy of the attached Notice of Motion and Motion to be served on the parties listed on the attached Service List, via U.S. Mail with proper postage pre-paid and in addition to those parties receiving notification by participation in the Court's ECF system, as indicated on the attached Service List, on September 14, 2012.

                                      /s/ Miriam R. Stein

## TIMOTHY WALTER McCARRON
## ECF SERVICE LIST

- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Miriam R. Stein    mrstein@arnstein.com, jbmedziak@arnstein.com

Timothy Walter McCarron
210 E. Pearson Street, #2B
Chicago, IL  60611-2397

TIMOTHY MCCARRON
12-09361
SERVICE LIST

Timothy McCarron
210 E. Pearson Street, #2B
Chicago, IL 60611-2397

Patrick S. Layng
Office of the U.S. Trustee
Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60604

Chase United Visa Card
P.O. Box 15153
Wilmington, DE 19886-5153

Citi Mastercard
P.O. Box 6000
The Lakes, NV 89163-0001

Discover Card
P.O. Box 30420
Salt Lake City, UT 84130-0420]

Donna Schultz
358C Cedar Ridge
Barrington, IL 60010-6214

Wells Fargo Home Mortgage
P.O. Box 10335
Des Moines, IA 50306-0335

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
2970 Market Street
Mail Stop 5-Q30.133
Philadelphia, PA 19104-5016

Internal Revenue Service
Mail Stop 5010 CHI
230 S. Dearborn Street, Suite 2300
Chicago, IL 60606

Associate Area Counsel SB/SE
200 W. Adams Street, Suite 2300
Chicago, IL 60606

Joel Nathan
United States Attorney
219 S. Dearborn Street
Chicago, IL 60604

D. Patrick Mullarkey
Tax Division (DOJ)
P.O. Box 55 – Ben Franklin Station
Washington, DC 20044

Illinois Department of Revenue
P.O. Box 64338
Chicago, IL 60664-0338

Assistant Attorney General
Revenue Litigation Bureau
100 W. Randolph Street, 13th Floor
Chicago, IL 60601

Discover Bank
DB Servicing Corporation
P.O. Box 3025
New Albany, OH 43054-3025

Deutsche Bank National Trust Co.
c/o Ira T. Nevel
175 N. Franklin, Suite 201
Chicago, IL 60606-1847

Northwestern Skin Cancer Institute
737 N. Michigan Avenue
Suite 2310
Chicago, IL  60611-2635

Quantum3 Group LLC as agent for
Capio Partners LLC
P.O. Box 788
Kirkland, WA  98083-9788

Sarah McCarron
210 E. Pearson Street, #2B
Chicago, IL  60611-2397

Wells Fargo Bank, NA
HSC Bank USA NA
Attn:  Bankruptcy Department
3476 Stateview Boulevard
MAC d3347-014
Fort Mill, SC  29715-7203

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TIMOTHY WALTER McCARRON | ) | Case No. 12-09361 |
| | ) | |
| Debtor. | ) | Hon. Janet S. Baer |
| | ) | |
| | ) | |

## MOTION FOR FINAL DECREE AND TO CLOSE BANKRUPTCY CASE

NOW COMES TIMOTHY WALTER McCARRON, the reorganized debtor ("Debtor"), by and through his counsel, Barry A. Chatz, Miriam R. Stein of Arnstein & Lehr LLP *of counsel*, with his Motion for Final Decree and to Close Bankruptcy Case ("Motion") and in support thereof, states as follows:

### Background

1. On March 9, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtor has been managing his assets as a debtor in possession.

2. For approximately thirty-five (35) years the Debtor has traded corn futures at the Chicago Board of Trade. The Debtor leases his seat at the Chicago Board of Trade and trades using his own money rather than working for a brokerage firm.

3. In the time period from 2001-2007, Debtor became delinquent on his federal income taxes as the result of his wife's illness and later death in November 2003 and later due to the stock market crash in 2007. Since 2008, the Debtor has been current on all of his federal tax obligations. In 2008, the Debtor attempted to undertake an Offer in Compromise with the Internal Revenue Service ("IRS"), however, based on the length of time that the process has

1

taken to be completed, the Debtor's financial situation has worsened, and he was unable to pay back the IRS. His Offer in Compromise was rejected by the IRS in February 2012, and this bankruptcy filing ensued.

4. On August 21, 2012, the Court entered an Order (the "Confirmation Order") confirming the First Amended Plan of Reorganization of Timothy Walter McCarron (the "Plan").

5. The Plan classified claims and interests into the following classes:

    (i)    Unclassified Administrative Claims

    (ii)    Unclassified Priority Tax Debt

    (iii)    Class 1 – Secured Claim of Wells Fargo (Mortgage)

    (iv)    Class 2 – Secured Tax Claims

    (v)    Class 3 – General Unsecured Claims

6. The Effective Date of the Plan shall occur on the 30th day after the Confirmation Order becomes a final order, which shall be October 4, 2012. The Plan requires that the Debtor make the following payments on or before the Effective Date (collectively, the "Effective Date Payments"):

    (i)    Pay all allowed Administrative Claims in full;

    (ii)    Continue payments on Class 1 Secured Claim of Wells Fargo;

    (iii)    Commence payments on Priority Tax Claims (which are payable over a period of 5 years in equal monthly payments);

    (iv)    Commence payments on Secured Tax Claims.[1]

---

[1] Payments on the IRS Secured Claim are to be made on a monthly basis over a period of sixty (60) months, with payments to commence on or before the Effective Date. Payments on the IDR Secured Claim are to be made in the amount of $1,000 per month with payments to commence on or before the Effective Date.

7. The Plan provides for the payment of $50,000 to a creditor fund for the benefit of allowed general unsecured claims. The $50,000 shall be paid in five (5) payments of $10,000 with the first $10,000 to be paid on or before the first anniversary of the Effective Date.

8. The Debtor has or will have prior to the hearing on this Motion, made all of the Effective Date Payments. No motions or adversary proceedings are pending. All payments due to the U.S. Trustee have been or shall be paid in full prior to the hearing on the Motion. As a result, the Plan has been substantially consummated.

### Relief Sought

9. By this Motion, the Debtor seeks the entry of a Final Decree and Order closing this bankruptcy case.

### Discussion

10. Bankruptcy Code section 350(a) provides that the court shall close a bankruptcy case once it has been fully administered. 11 U.S.C. §350(a) ("After an estate is fully administered ... the court shall close the case."). Bankruptcy Rule 3022 implements Section 350(a) in the context of a chapter 11 reorganization. Fed. R. Bankr. P. 3022 ("After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.").

11. The term "fully administered" is not defined in the Bankruptcy Code. "At one extreme, an estate court be fully administered when a Chapter 11 plan is confirmed and the estate dissolves .... At the other extreme, an estate can be fully administered when all that is called for under a plan occurs." *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990). Several courts have held that a case is fully administered and may be closed even though the reorganized debtor has not completed all payments to creditors. *See e.g. In re D&L Nicolaysen*,

3

228 B.R. 252, 261 (Bankr. E.D. Ca. 1998); *In re Jay Bee Enterprises, Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) ("[Rule 3022] does not require that a chapter 11 case be kept open until all awarded fees and allowed claims have been paid in accordance with the confirmed plan ...").

12. To assist courts in deciding whether a case is substantially administered, there are six non-exclusive factors. *In re Rebel Rents, Inc.*, 326 B.R. 791, 804 (Bankr. C.D. Cal. 2005); *In re Jay Bee Enterprises, Inc.*, 207 B.R. at 538. Not all of these factors need to exist before a court may enter a final decree; these factors only serve as a guideline. *See e.g. In re Mold Makers, Inc.*, 124 B.R. at 768 (noting that all six factors need not be present; rather, a court uses the factors "as a guide in assisting ... in its decision to close a case."). The six factors are:

1. Whether the order confirming the plan has become final;
2. Whether deposits required by the plan have been distributed;
3. Whether the property proposed by the plan to be transferred has been transferred;
4. Whether the debtor has assumed the business or management of the property dealt with by the plan;
5. Whether payments under the plan have commenced; and
6. Whether all motions, contested matters and adversary proceedings have been resolved.

13. In this case, each of the factors has been satisfied. The Confirmation Order is final. All of the Effective Date Payments have been made. Finally, all pending motions have been resolved. Accordingly, a final decree should be entered and the bankruptcy case should be closed.

## Notice

14. Notice of this Motion for Final Decree has been provided to (i) the United States Trustee; (ii) all of the Debtor's creditors; (iii) the Taxing Authorities; and (iv) all other parties in interest who have requested notice in this case.

4

## Conclusion

WHEREFORE, the Reorganized Debtor respectfully requests that this Court enter an Order: (a) authorizing the entry of a final decree closing this case pursuant to Bankruptcy Code section 350(a) and Rule 3022 of the Federal Rules of Bankruptcy Procedure; (b) approving the notice provided; and (d) granting the Debtor such other and further relief as may be appropriate.

Dated: September 12, 2012          TIMOTHY WALTER McCARRON

By: ___/s/ Miriam R. Stein_____
One of his Attorneys

Barry A. Chatz
Miriam R. Stein
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288
www.arnstein.com

5